SECOND DEPARTMENT, NOVEMBER, 1990

(November 5, 1990)

■ JOHN S. GAGE, Respondent, v JOAN GAGE, Appellant.—In an action for divorce and ancillary relief, the defendant mother appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Dunn, J.), entered March 14, 1989, which, after a nonjury trial, awarded custody of the parties' child to the plaintiff father.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The parties were married on November 5, 1983, and their son William Gage was born on December 1, 1984. Following a trial on the issue of custody which included, inter alia, the testimony of mental health professionals and the parties, the court awarded custody of William to the plaintiff father, John S. Gage.

Custody disputes arise in emotionally charged circum-

stances, and require that the court conduct a careful balancing of all the applicable factors in determining the best interests of the child under the prevailing circumstances *(see, Eschbach v Eschbach,* 56 NY2d 167, 171-174; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94).

The father's expert witness, a psychiatrist, examined the parties and the child and found that the mother incessantly demeaned the father, even in front of William. He predicted that if the mother were given sole custody, "there would be a serious possibility that [the child] would continue to be involved as sort of a pawn or tool [against the father] and that she would promote or try to promote [the child] with a sense of anger or outrage with his own father".

The mother's expert witness, also a psychiatrist, recommended that the parties be given joint custody. Although he alternatively suggested that the mother be granted sole custody, he conceded that if such an award were made and the mother continued her barrage of negative comments about the father in the child's presence, the child could become extremely disturbed. He further conceded that if the mother were awarded custody, she might interfere with the father's visitation of the child.

An award of custody is a matter of discretion for the hearing court, and its decision is entitled to great weight *(see, Eschbach v Eschbach,* 56 NY2d 167, 173, *supra; Matter of Diane L. v Richard L.,* 151 AD2d 760, 761). Upon the exercise of our broad review powers in custody matters *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Lenczycki v Lenczycki,* 152 AD2d 621), we conclude that the court's custody determination is supported by a sound and substantial basis in the record, and we decline to disturb it *(see, Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

We have considered the mother's remaining contentions and find them to be without merit *(see, Lenczycki v Lenczycki, supra,* at 123). Mangano, P. J., Thompson, Sullivan and Rosenblatt, JJ., concur.