■ DAVID H. EISENBERG, Appellant, v LAUREL D. EISENBERG, Respondent. [595 NYS2d 498] —In an action for a divorce and ancillary relief, the plaintiff father appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated June 17, 1992, as, after a nonjury trial, awarded custody of the parties' children to the defendant mother.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In any custody determination, the paramount consideration must, of course, be the best interests of the children (see, Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, 55 NY2d 89). It is also well settled that custody determinations are ordinarily a matter of discretion for the trial court (see, Gage v Gage, 167 AD2d 332), and the trial court's determination should be accorded great deference on appeal since it had the opportunity to assess the parties, their credibility, character, and temperaments firsthand (see, Matter of Louise E.S. v W. Stephen S., 64 NY2d 946; Eschbach v Eschbach, supra). In this case, the father's expert witness testified that the mother had a borderline personality disorder which made her a risk as the custodial parent and recommended that the father be awarded custody. The court disagreed with this assessment, however, apparently relying on the testimony of the court-appointed expert and the mother's expert, both of whom testified that the mother did not suffer from a borderline personality disorder. We find no basis to upset the court's determination. In fact, the mother suffered from a single episode of depression, which was treated with medication. At the trial, the mother's treating psychiatrist testified that she had an excellent response to the medication and that there was nothing to preclude her from being able to act as a parent for the children.

Although we agree with the father that the court should not have considered its inadvertent observation of the mother and

children outside of the courtroom during the trial in making the custody determination (see, Richardson, Evidence § 11, at 7 [Prince 10th ed]), we find that there was a sound and substantial basis in the record for the court's determination awarding the mother custody, and we decline to disturb it (see, Gage v Gage, supra). Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.