■ In the Matter of MAUREEN G., Appellant, v NICOLAE G., Respondent. [604 NYS2d 230] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner mother appeals from an order of the Family Court, Queens County (De Phillips, J.), dated November 28, 1990, which, after a hearing, granted physical custody of the children of the marriage to the respondent father.

Ordered that the order is affirmed, without costs or disbursements.

In any custody determination, the paramount consideration must, of course, be the best interest of the child *(see, Eschbach v Eschbach,* 56 NY2d 167; *Eisenberg v Eisenberg,* 191 AD2d 607). It is also well settled that custody determinations are ordinarily a matter of discretion for the hearing court and the hearing court's determination should be accorded great deference on appeal *(see, Eisenberg v Eisenberg, supra).* We find no basis to upset the court's determination in this case that physical custody of all three children be awarded to the father. The court-appointed clinical psychologist who interviewed the parties as well as the children diagnosed the mother as having a borderline personality disorder and recommended that the father be awarded custody of the two older children. Although she recommended that the youngest child temporarily remain in the mother's custody, this recommendation was equivocal. Under these circumstances, it cannot be said that the court's determination to also grant custody of the youngest child to the father was an improvident exercise of discretion, especially in view of the long-recognized policy of the courts to keep siblings together *(see, Eschbach v Eschbach, supra).* Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.