■ In the Matter of MARK I. JOHNSON, Respondent, v AUGUSTINA E. JOHNSON, Appellant. [765 NYS2d 271] —In a child

custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Brands, J.), entered October 17, 2001, as, after a hearing, awarded custody of the parties' children to the father, and awarded her only limited visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In determining whether a custody agreement should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interest of the children (*see Teuschler v Teuschler,* 242 AD2d 289, 290 [1997]; *Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]). Because any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court's findings (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]). Its findings "will not be disturbed unless they lack a sound and substantial basis in the record" (*Kuncman v Kuncman, supra* at 518). Contrary to the appellant's contentions, the Family Court's determination to modify the parties' joint custody agreement and award custody to the father has a sound and substantial basis.

Moreover, the Family Court was not required to follow the recommendations of the Law Guardian (*see Matter of Hopkins v Wilkerson,* 255 AD2d 319 [1998]). The Family Court did not arbitrarily disregard the Law Guardian's opinion offered in this case (*see Griffin v Scott,* 303 AD2d 504, 505 [2003]). Rather, its reasons for rejecting the Law Guardian's recommendation that joint custody should continue were fully explained and its reasoning is supported by the record (*see Matter of Hopkins v Wilkerson, supra*).

The mother's remaining contentions either are unpreserved for appellate review, without merit, or refer to matters dehors the record. Smith, J.P., Townes, Cozier and Mastro, JJ., concur.