■ In the Matter of ANGEL ORTIZ, Respondent, v ELIZABETH MAHARAJ, Appellant. [779 NYS2d 220]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Gary, J.), dated June 19, 2003, which granted the father's petition for permanent custody.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contentions, the Family Court correctly awarded custody of the parties' 12-year-old son to the father. Custody determinations are ordinarily a matter of discretion for the hearing court, whose determination will not be set aside on appeal unless it lacks a sound and substantial basis in the record (*see Matter of Johnson v Johnson,* 309 AD2d 750 [2003]; *Matter of Krebsbach v Gallagher,* 181 AD2d 363 [1992]; *Gage v Gage,* 167 AD2d 332 [1990]; *see also Eschbach v Eschbach,* 56 NY2d 167 [1982]). Advancing the best interests of the child is the paramount concern (*see* Domestic Relations Law §§ 70, 240; *Eschbach v Eschbach, supra* at 171-174; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]; *Matter of Krebsbach v Gallagher, supra*). A change of custody should be made only if the totality of the circumstances warrants a modification of the existing custody arrangement (*see Eschbach v Eschbach, supra; Friederwitzer v Friederwitzer, supra*).

In this case, there was ample evidence to support the Family Court's change of custody from the mother to the father. As conceded by the mother, she was unable to control the child and subjected him to corporal punishment. Due to her nightly work schedule, she assigned the child the task of supervising his two younger siblings after school and through the evening. The child's school work suffered, and his grades fell below standards. The father appeared better able to provide him with the

structure he needed. Finally, the Law Guardian noted the child's preference to live with his father, and his improved behavior while in the father's temporary custody. Accordingly, there is a sound and substantial basis in the record supporting the custody change.

The mother's remaining contentions are without merit. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.