■ In the Matter of ANDREW F. FISHER, Respondent, v CHRISTINE DEFLORA, Appellant. [806 NYS2d 438]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Boggio, R.), dated October 8, 2004, which, after a hearing, awarded custody of the parties' child to the father.

Ordered that the order is affirmed, without costs or disbursements.

"Custody determinations are ordinarily a matter of discretion for the hearing court, whose determination will not be set aside on appeal unless it lacks a sound and substantial basis in the record" (*Matter of Ortiz v Maharaj,* 8 AD3d 574, 574 [2004]). In this context, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]), which requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). There is a sound and substantial basis in the record for the Family Court's determination that the child was exposed to domestic violence in the mother's home and that the mother had taken steps calculated to obstruct the father's interaction with the child. The Family Court providently exercised its discretion, therefore, in awarding custody of the child to the father (*see Assini v Assini,* 11 AD3d 417, 418-419 [2004]; *Matter of Wissink v Wissink,* 301 AD2d 36, 38 [2002]; *Prugh v Prugh,* 298 AD2d 569, 570 [2002]; *Matter of Gago v Acevedo,* 214 AD2d 565, 566 [1995]). Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.