■ DAVID PAMBIANCHI, Appellant, v JAYNE GOLDBERG, Respondent. [827 NYS2d 225]—

In a matrimonial action in which the parties were divorced by judgment entered April 17, 2001, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Queens County (Fitzmaurice, J.), dated November 23, 2004, which, after a hearing, inter alia, denied that branch of his motion which was to modify the joint custody provisions of the parties' judgment of divorce and settlement agreement to award him sole custody of the parties' child, and granted the defendant's cross motion which was to modify the joint custody provisions of the parties' judgment of divorce and settlement agreement to award sole custody of the parties' child to her.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[W]here parents enter into an agreement concerning custody 'it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]' " (*Smoczkiewicz v Smoczkiewicz,* 2 AD3d 705, 706 [2003], quoting *Matter of Gaudette v Gaudette,* 262 AD2d 804, 805 [1999]). Because custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the court's findings (*see Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]) and such findings "will not be disturbed unless they lack a sound and substantial basis in the record" (*Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]).

Here, we decline to disturb the trial court's award of sole custody to the mother. The record demonstrates that the parties' relationship had become so acrimonious since they entered into the settlement agreement that joint custody was no longer a workable option (*see Granata v Granata,* 289 AD2d 527 [2001]). In addition, the trial court's conclusion that awarding sole custody to the mother was in the best interest of the child was based on its assessment of the witnesses and had a sound and substantial basis in the record (*see Eschbach v Eschbach, supra; Kuncman v Kuncman, supra*).

The father's remaining contentions are without merit. Prudenti, P.J., Santucci, Krausman and Mastro, JJ., concur.