■ In the Matter of MICHELANGELO BATTISTA, Respondent, v STEPHANIE FASANO, Appellant. [838 NYS2d 178]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Kase, J.), dated July 26, 2006, as, after a hearing, granted the father's petition to transfer sole custody of the subject child from the mother to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where, as here, the parties have entered into an agreement concerning custody, it will not be modified absent a change in circumstances, and unless a modification would be in the best interests of the child (*see Pambianchi v Goldberg*, 35 AD3d 688, 689 [2006]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]). Because custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Brian S. v Stephanie P.*, 34 AD3d 685, 686 [2006]; *Matter of James v Hickey*, 6 AD3d 536, 537 [2004]).

Here, the Family Court's determinations that there had been a change in circumstances since the parties entered into their custody agreement, and that a transfer of sole custody to the father would be in the child's best interests, have a sound and substantial basis in the record, and thus, should not be disturbed (*see Pambianchi v Goldberg, supra* at 689). The evidence at the hearing showed, among other things, that the mother started living with a fiancé who had a volatile temper that would frighten the child, and who had been arrested following an incident of domestic violence against the mother (*see Matter of Drew v Gillin*, 17 AD3d 719, 720 [2005]; *Matter of Notley v Schmeid*, 220 AD2d 509, 510-511 [1995]). In addition, the Family Court awarded temporary custody of the child to the father after the instant proceeding was commenced, and the evidence showed that the child, who has special needs, was thriving in the father's care (*see Matter of Galanos v Galanos*, 28 AD3d 554, 555 [2006]; *Matter of Plaza v Plaza*, 305 AD2d 607 [2003]).

The mother's contention that the court erred in making its determinations prior to the completion of a certain probation report is not properly before this Court (*see Matter of Akyuz v Akyuz*, 30 AD3d 511 [2006]) and, in any event, is without merit (*see Matter of Nunnery v Nunnery*, 275 AD2d 986, 987 [2000];

*Matter of Yetter v Jones*, 272 AD2d 654, 656-657 [2000]). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.