In the Matter of ROBERT A. ASCOLILLO, Respondent, v MARY LOUISE ASCOLILLO, Appellant. [844 NYS2d 339]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Westchester County (Duffy, J.), dated December 8, 2005, which, after a hearing, inter alia, granted the father's petition to modify the parties' judgment of divorce to award him sole legal and physical custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In a stipulation of settlement which was incorporated but not merged in the parties' judgment of divorce dated November 20, 2003, the parties agreed to joint custody of their two minor children and that the minor children would reside with the mother. However, the stipulation of settlement further provided that: "The parties shall acknowledge that the children's wishes when they are at an appropriate age should be considered in connection with the exercise by the parents of the custodial and visitation rights." The instant proceeding was brought when the subject child requested to spend more time with his father.

"[W]here parents enter into an agreement concerning custody 'it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]' " (*Pambianchi v Goldberg*, 35 AD3d 688, 689 [2006], quoting *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]; *see* Family Ct Act § 652). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Pambianchi v Goldberg*, 35 AD3d at 689).

Under the circumstances of this case, there is no basis to disturb the Family Court's determination granting the father's petition to modify the parties' judgment of divorce to award him sole legal and physical custody of the subject child (*id.; see Matter of Oddy v Oddy*, 296 AD2d 616 [2002]). The determination that there had been a change in circumstances and that an award of custody to the father would be in the best interests of

the child was supported by the testimony adduced at the hearing and the in camera interview with the subject child (see *Eschbach v Eschbach*, 56 NY2d at 174).

The Family Court properly refused to permit the mother to call the child's therapist as a witness, since the Law Guardian did not consent to the disclosure of confidential communications between the child and his therapist (see *Matter of Billings v Billings*, 309 AD2d 1194 [2003]), and the instant proceeding was not a child protective proceeding pursuant to Family Court Act article 10 (see Family Ct Act § 1046 [a] [vii]).

The mother's remaining contentions are without merit. Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.