■ In the Matter of BURTON STRUBLE, Respondent, v MELISSA STRUBLE, Appellant. [843 NYS2d 838]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Klein, J.), entered March 19, 2007, as, after a hearing, granted the father's petition for sole custody of the subject child and established a visitation schedule for her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The essential consideration in determining custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The Family Court's custody determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney*, 208 AD2d 603, 603 [1994]; *see Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). Therefore, it should not be set aside unless it lacks a sound and substantial basis in the record (*see Neuman v Neuman*, 19 AD3d 383, 384 [2005]; *Maloney v Maloney*, 208 AD2d at 603). Here, the Family Court's credibility determination, to which we accord great deference on appeal, has a sound and substantial basis in the record. Accordingly, the Family Court's determination to award sole custody to the father will not be disturbed.

The mother's remaining contentions are either without merit or do not warrant reversal. Prudenti, P.J., Fisher, Dillon and Carni, JJ., concur.