■ In the Matter of SAMUEL KHAYKIN, Respondent, v NATALIYA KANAYEVA, Appellant. In the Matter of NATALIYA KANAYEVA, Appellant, v SAMUEL KHAYKIN, Respondent. [849 NYS2d 646]—

In a child custody proceeding pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the mother appeals from (1) an order of the Family Court, Kings County (Grosvenor, J.), dated November 22, 2006, which granted the father's petition for custody of the subject child, and (2) an order of the same court dated November 22, 2006, as amended by an order of the same court dated December 11, 2006, which dismissed her family offense petition.

Ordered that the orders are affirmed, without costs or disbursements.

The mother's contentions regarding the award of custody are without merit. A change of circumstances analysis is inapplicable in making an initial custody determination (see Matter of Anson v Anson, 20 AD3d 603 [2005]). Temporary custody orders issued without the benefit of a full plenary hearing are only one factor relevant to the ultimate determination (see Matter of Bessette v Pelton, 29 AD3d 1085, 1087 [2006]; Matter of Anson v Anson, 20 AD3d at 603-604; Matter of Bruce BB. v Debra CC., 307 AD2d 408, 409 [2003]). Here, the mother was given custody pursuant to a temporary custody order before a hearing was conducted. Therefore, a change of circumstances analysis is inapplicable.

A custody determination depends to a great extent upon the Family Court's assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents. The Family Court's determination should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Struble v Struble, 44 AD3d 1060 [2007]). Here, the Family Court's determination that it would be in the child's best interests to award custody to the father was supported by the record.

The mother's contention that the court failed to consider the allegations in her family offense petition is without merit. Where

allegations of domestic violence are proven by a preponderance of the evidence, "the court must consider the effect of such domestic violence upon the best interests of the child" (Domestic Relations Law § 240 [1] [a]; *see Matter of Rodriguez v Guerra,* 28 AD3d 775, 776 [2006]; *Matter of Moreno v Cruz,* 24 AD3d 780, 781 [2005]). Here, however, the court determined that the mother's allegations were not supported by a preponderance of the evidence. The father denied the mother's allegations, and the court resolved the conflicting testimony in favor of the father. Based on the record, there is no basis to disturb the court's credibility determination. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.