■ In the Matter of DANTON MARRIOTT, Respondent-Appellant, v AMEE L. HERNANDEZ, Appellant-Respondent. (Proceeding No. 1.) In the Matter of AMEE L. HERNANDEZ, Appellant-Respondent, v DANTON MARRIOTT, Respondent-Appellant. (Proceeding No. 2.) [865 NYS2d 624]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Boggio, R.), dated May 31, 2007, as, after a hearing, denied her petition to modify a prior custody order of the same court dated June 7, 2005, awarding the parties joint custody of their children, so as to award her sole custody of the children, and the father cross-appeals, as limited by his brief, from so much of the same order dated May 31, 2007, as denied his petition to modify the prior custody order to award him sole custody of the children.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"In determining whether a custody agreement should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interest of the children" (*Matter of Johnson v Johnson,* 309 AD2d 750, 751 [2003]; *see Matter of Honeywell v Honeywell,* 39 AD3d 857, 858 [2007]; *Teuschler v Teuschler,* 242 AD2d 289, 290 [1997]).

Since a trial court's determination with respect to the issue of child custody involves an assessment of the parties' credibility, character, and temperament, great deference is to be accorded the court's findings, which will not be disturbed unless lacking

a sound and substantial basis in the record (*see Matter of Battista v Fasano,* 41 AD3d 712, 713 [2007]; *Matter of Johnson v Johnson,* 309 AD2d at 751; *Darema-Rogers v Rogers,* 199 AD2d 456, 457 [1993]; *Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]).

Here, while it is clear that there is antagonism between the parties, it is also apparent, based on the nonparty witnesses' testimony, that both parties generally behave appropriately with the children, and that the children, as observed and as they expressed in their in-camera interviews, are equally attached to both parents. Under these circumstances, there is a sound and substantial basis in the record for the Family Court's finding that the best interests of the children would be served by continuing joint custody (*see Teuschler v Teuschler,* 242 AD2d 289 [1997]; *Janecka v Franklin,* 131 AD2d 436 [1987]; *cf. Braiman v Braiman,* 44 NY2d 584 [1978]). We note that the Family Court's determination is supported by the position taken by the attorney for the children (*see Matter of Gartmond v Conway,* 40 AD3d 1094, 1095 [2007]; *Matter of Powell v Blumenthal,* 35 AD3d 615, 617 [2006]; *Matter of Perez v Montanez,* 31 AD3d 565, 566 [2006]), who appears to have had a longstanding familiarity with the parties and children. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.