■ In the Matter of EDWARD FREY, Respondent, v STACIE A. KETCHAM, Appellant. [869 NYS2d 160]—

"Where, as here, the parties have entered into an agreement concerning custody, it will not be modified absent a change in circumstances, and unless a modification would be in the best interests of the child" (*Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]; *see Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]). "Factors to be considered include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Kaplan v Kaplan*, 21 AD3d 993, 994 [2005], quoting *Miller v Pipia*, 297 AD2d 362, 364 [2002]; *see Eschbach v Eschbach*, 56 NY2d 167 [1982]). The trial court's findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Battista v Fasano*, 41 AD3d at 713; *Matter of Johnson v Johnson*, 309 AD2d 750, 751 [2003]).

Here, contrary to the mother's contention, the Family Court properly considered the factors relevant to a custody determination. The evidence at the hearing demonstrated that the child had behavioral problems as a result of the mother's inability to provide a stable home environment. The court also properly

considered the evidence of domestic violence and its effects upon the child (*see* Domestic Relations Law § 240 [1]; *Matter of Rodriguez v Guerra*, 28 AD3d 775, 776 [2006]; *Matter of Moreno v Cruz*, 24 AD3d 780, 781 [2005]; *Matter of Wissink v Wissink*, 301 AD2d 36, 39-40 [2002]), as well as the mother's conduct in alienating the child from his father, in disregard of the father's rights as a joint custodial parent (*see Zafran v Zafran*, 28 AD3d 753, 755 [2006]; *Bobinski v Bobinski*, 9 AD3d 441 [2004]; *Stern v Stern*, 304 AD2d 649 [2003]; *Young v Young*, 212 AD2d 114, 122 [1995]). Moreover, given the level of acrimony between the parties and their inability to function together in a manner necessary for a joint arrangement, the Family Court's determination to award sole custody of the child to the father, rather than joint custody to both parents, did not lack a sound and substantial basis (*see Eschbach v Eschbach*, 56 NY2d at 173).

The mother's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.