■ MINI DHINGRA, Respondent, v AJAY PURI, Appellant. [878 NYS2d 918]——

In a matrimonial action in which the parties were divorced by judgment dated December 21, 2007, the father appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), dated April 17, 2008, which, after a hearing, inter alia, granted the mother's motion to modify the joint custody provisions of the judgment of divorce and the settlement agreement, to award sole custody of the parties' child to her.

Ordered that the order is affirmed, with costs to the respondent.

"In determining whether a custody agreement should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interest of the [child]" (*Matter of Marriott v Hernandez*, 55 AD3d 613 [2008] [internal quotation marks omitted]; *see Matter of Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]; *Pambianchi v Goldberg*, 35 AD3d 688, 689 [2006]).

Since a trial court's determination with respect to the issue of child custody involves an assessment of the parties' credibility, character, and temperament, deference is to be accorded the court's findings, which will not be disturbed unless lacking a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *Matter of Marriott v Hernandez*, 55 AD3d 613 [2008]; *Pambianchi v Goldberg*, 35 AD3d 688 [2006]).

Here, while it is clear that both parties are fit parents, the parties' relationship is so acrimonious that, since the date of a stipulation of settlement, they cannot or will not make joint decisions regarding the child without resorting to court or attorney intervention (*see Pambianchi v Goldberg*, 35 AD3d 688 [2006]). Based on all of the evidence, there is a sound and substantial basis in the record for the Supreme Court's finding

that the child's best interest would be served by awarding the mother sole custody while granting the father liberal visitation (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]; *Pambianchi v Goldberg,* 35 AD3d 688 [2006]; *Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]). We note that the Supreme Court's determination is supported by the position taken by the attorney for the child, who has a longstanding familiarity with the parties and the child (*see Matter of Marriott v Hernandez,* 55 AD3d 613 [2008]).

The father's remaining contention is without merit. Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.