■ In the Matter of MICHAEL PEOPLES, Appellant, v BERNA-DETTE BIDEAU, Respondent. (Proceeding No. 1.) In the Matter of BERNADETTE BIDEAU, Respondent, v MICHAEL PEOPLES, Appellant. (Proceeding No. 2.) [924 NYS2d 843]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Richmond County (IDV Part) (Silber, J.), dated December 18, 2009, which, after a hearing, inter alia, granted the mother's cross petition for sole custody of the subject child, and denied his petition for sole custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"In making a custody determination, the paramount consideration is the best interests of the child" (*Matter of Cavallero v Pena*, 83 AD3d 1062, 1062 [2011]; *see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). "The best interests of the child are determined by a review of the totality of the circumstances" (*Matter of Chabotte v Faella*, 77 AD3d 749, 749 [2010]; *see Eschbach v Eschbach*, 56 NY2d at 171). "Since the Supreme Court's determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Cavallero v Pena*, 83 AD3d 1062, 1062 [2011]; *see Matter of Marriott v Hernandez*, 55 AD3d 613, 613-614 [2008]; *Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]). Here, the Supreme Court's award of sole custody to the mother has a sound and substantial basis in the record and will not be disturbed (*see Matter of Cavallero v Pena*, 83 AD3d 1062 [2011]; *Matter of Chabotte v Faella*, 77 AD3d 749 [2010]).

The father's remaining contention is without merit. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.