■ In the Matter of KELLIE WILLIAMS, Respondent, v ERIK DOWGIALLO, Appellant. [935 NYS2d 123]—

At the time the instant custody proceeding was commenced by the mother in March 2010, there was no custody order in effect. During the pendency of the proceeding, the father was awarded temporary custody without a hearing. The award of temporary custody to a parent before a hearing is conducted is only one factor to be considered in awarding permanent custody; the permanent award made after a hearing is treated as an initial custody determination, and the Family Court is not required to engage in a change-of-circumstances analysis before awarding custody to the other parent (*see Matter of Quinones v Gonzalez*, 79 AD3d 893, 894 [2010]; *Matter of Khaykin v Kanayeva*, 47 AD3d 817 [2008]).

"Custody determinations are ordinarily a matter of discretion for the hearing court, whose determination will not be set aside on appeal unless it lacks a sound and substantial basis in the record" (*Matter of Ortiz v Maharaj*, 8 AD3d 574, 574 [2004]; *see Matter of Gant v Chambliss*, 86 AD3d 612, 613 [2011]; *Matter of Johnson v Johnson*, 309 AD2d 750, 751 [2003]). The evidence adduced at the hearing presented a sound and substantial basis in the record for awarding permanent custody to the mother.

There is no merit to the father's remaining contention that the Family Court should have, sua sponte, appointed a forensic evaluator (*see Matter of Kreischer v Perry*, 83 AD3d 841, 842 [2011]; *Matter of Rhodie v Nathan*, 67 AD3d 687 [2009]). Rivera, J.P., Balkin, Eng and Austin, JJ., concur.