■ In the Matter of RICHARD FARRAN, Respondent, v NICOLE FENNER, Appellant. [943 NYS2d 173]—

In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Sheares, J.), dated January 10, 2011, which, after a hearing, granted the father's petition to modify a prior order of custody and visitation dated January 4, 2005, so as to award him sole custody of the child with certain visitation to the mother.

Ordered that the order dated January 10, 2011, is affirmed, without costs or disbursements.

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Morillo v Nunez*, 91 AD3d 875 [2012]; *Matter of Dorsa v Dorsa*, 90 AD3d 1046 [2011]; *Matter of Nava v Kinsler*, 85 AD3d 1186, 1186 [2011]). " '[S]ince the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the

record' '" (*Matter of Sweetser v Willis*, 91 AD3d 963, 963-964 [2012], quoting *Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]; *see Dhingra v Puri*, 62 AD3d 935 [2009]).

Here, the father presented evidence at the hearing which established that the child had developed recurring infections while in the mother's care, and the mother failed to treat the infections as prescribed by the doctor. In addition, the father's evidence showed that the child had numerous absences and was late to school on many occasions when she was in the mother's care. The child is thriving in the father's care, and her previously recurring medical issues have resolved. Moreover, the father actively participates in the child's educational process and fosters the relationship between the child and the noncustodial parent. This evidence was sufficient to demonstrate a change in circumstances warranting a modification of the prior order of custody to protect the best interests of the child. Accordingly, we decline to disturb the Family Court's award of sole custody of the child to the father with certain visitation to the mother. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.