■ In the Matter of MEGAN HOLOHAN, Appellant, v TIMOTHY LEVENS, Respondent. [965 NYS2d 376]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Bogacz, J.), dated December 6, 2011, which, upon confirming a referee's report (Negron, Ct. Atty. Ref.), dated

June 25, 2011, made after a hearing, inter alia, in effect, denied her petition and awarded the father custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

At the time the instant child custody proceeding was commenced by the mother in February 2007, there was no custody order in effect. During the pendency of the proceeding, the mother was awarded temporary custody without a hearing. "The award of temporary custody to a parent before a hearing is conducted is only one factor to be considered in awarding permanent custody; the permanent award made after a hearing is treated as an initial custody determination, and the Family Court is not required to engage in a change-of-circumstances analysis before awarding custody to the other parent" (*Matter of Williams v Dowgiallo*, 90 AD3d 942, 942 [2011]; *see Matter of Quinones v Gonzalez*, 79 AD3d 893, 894 [2010]; *Matter of Khaykin v Kanayeva*, 47 AD3d 817, 817 [2008]).

" 'Custody determinations are ordinarily a matter of discretion for the hearing court, whose determination will not be set aside on appeal unless it lacks a sound and substantial basis in the record' " (*Matter of Williams v Dowgiallo*, 90 AD3d at 943, quoting *Matter of Ortiz v Maharaj*, 8 AD3d 574, 574 [2004]). Here, the evidence adduced at the hearing presents a sound and substantial basis for an award of permanent custody to the father.

The appellant's remaining contention is without merit. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.