■ In the Matter of PAMELA McPHERSON, Appellant, v RYAN McPHERSON, Respondent. (Proceeding No. 1.) In the Matter of RYAN McPHERSON, Respondent, v PAMELA McPHERSON, Appellant. (Proceeding No. 2.) [30 NYS3d 705]—

Appeals from (1) a decision of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated February 20, 2015, (2) an order of that court dated February 20, 2015, and (3) an order of that court, also dated February 20, 2015. The first order dated February 20, 2015, upon the decision made after a hearing, granted the father's petition for sole custody of the subject child. The second order dated February 20, 2015, upon the decision and the first order, denied the mother's petition for sole custody of the subject child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the orders dated February 20, 2015, are affirmed, without costs or disbursements.

The mother and the father each filed petitions for sole custody of their child. The Family Court, after a hearing, awarded the father sole legal and physical custody of the child and, in effect, denied the mother's petition. The mother appeals.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d

777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the totality of the circumstances, includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). Contrary to the mother's contention, the Family Court properly applied the best interests analysis applicable to an initial custody determination, rather than a change of circumstances analysis applicable to modification of a prior custody order (*see Matter of Holohan v Levens*, 106 AD3d 1003, 1004 [2013]; *Matter of Supangkat v Torres*, 101 AD3d at 889-890), and considered the award of temporary custody to the father before the hearing as but one factor to be considered in awarding permanent custody (*see McDonald v McDonald*, 122 AD3d 911, 912 [2014]; *Matter of Holohan v Levens*, 106 AD3d at 1004; *Matter of Williams v Dowgiallo*, 90 AD3d 942, 942 [2011]).

Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings (*see Matter of Gooler v Gooler*, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see id.; Matter of Frankiv v Kalitka*, 105 AD3d 1045, 1046 [2013]). Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the father has a sound and substantial basis in the record and will not be disturbed (*see Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]; *Matter of Gribeluk v Gribeluk*, 120 AD3d 579, 580 [2014]).

The mother's remaining contentions are either unpreserved for appellate review or without merit. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.