■ In the Matter of JASON J. NUNEZ, Respondent, v LOREINE LASSO, Appellant. [39 NYS3d 813]—

Appeal by the mother from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated August 26, 2015. The order, after a hearing, awarded the mother and father joint legal custody and awarded the father primary physical custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

The father and the mother, who were never married, have one child in common. The father filed a petition for custody, and, following a hearing, the Family Court awarded the mother and father joint legal custody, with primary physical custody to the father and visitation to the mother. The mother appeals.

The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Julie v Wills*, 73 AD3d 777 [2010]). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013]).

Here, the Family Court's determination that the child's best interests would be served by awarding the mother and father

joint legal custody and awarding the father primary physical custody has a sound and substantial basis in the record, and will not be disturbed (*see Matter of McPherson v McPherson,* 139 AD3d 953 [2016]; *Matter of Monasterska v Burns,* 121 AD3d 903 [2014]). Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.