Appeal from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated January 18, 2017. The order, insofar as appealed from, after a hearing, granted the father’s petition for sole custody of the parties’ children.
 

 Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The parties, who were never married, have two children together. Without a custody order in place, the children lived with the mother from birth until September 2014, when the Administration for Children’s Services commenced a neglect proceeding against the mother and the children were temporarily placed in the father’s custody. At that time, the father filed a petition seeking sole custody of the children. After the ne-gleet proceeding was dismissed, a hearing was held on the father’s petition and the Family Court awarded the father sole custody of the children. The mother appeals.
 

 The court’s paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Nunez v Lasso, 144 AD3d 689, 689 [2016]). In determining an initial petition for child custody, the totality of the circumstances includes, but is not limited to, “(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent’s relative fitness, including his or her ability to guide the child, provide for the child’s overall well being, and foster the child’s relationship with the noncustodial parent; and (5) the child’s desires” (Matter of McPherson v McPherson, 139 AD3d 953, 954 [2016]).
 

 Contrary to the mother’s contention, the Family Court properly applied the analysis applicable to an initial custody determination, rather than a change-of-circumstances analysis applicable to modification of a prior custody order (see id. at 954; Matter of Holohan v Levens, 106 AD3d 1003, 1004 [2013]). Further, the court’s determination that the children’s best interests would be served by awarding the father sole custody has a sound and substantial basis in the record, and will not be disturbed (see Matter of Monaster ska v Burns, 121 AD3d 903 [2014]).
 

 The mother’s remaining contentions are without merit.
 

 Mastro, J.P., Roman, Sgroi and Cohen, JJ., concur.