Matter of Cassissa v Solares (2019 NY Slip Op 07063)





Matter of Cassissa v Solares


2019 NY Slip Op 07063


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-07376
 (Docket Nos. V-20-17, V-93-17, V-586-17)

[*1]In the Matter of Dominick Cassissa, respondent,
v
Marilyn Solares, appellant. (Proceeding No. 1)
In the Matter of Marilyn Solares, appellant,
v
Dominick Cassissa, respondent. (Proceeding No. 2)


Metcalf & Metcalf, P.C., New York, NY (Nanette Ida Metcalf of counsel), for appellant.
John R. Eyerman, New York, NY, for respondent.
Salvatore C. Adamo, New York, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Peter Fuller De Lizzo, J.), dated May 22, 2018. The order, after a hearing, granted the father's petition for sole custody of the parties' child, in effect, denied the mother's petition for sole custody of the child, and awarded parental access to the mother.
ORDERED that the order is affirmed, without costs or disbursements.
The parties' child was born in September 2015. In December 2016, the mother and the father's relationship ended, and the mother moved out of their shared home. In January 2017, the father petitioned for sole custody of the child and the mother petitioned for sole custody of the child. After a hearing, the Family Court granted the father's custody petition and, in effect, denied the mother's custody petition. The court awarded the father sole legal and physical custody of the child and awarded the mother parental access. The mother appeals.
"A court deciding an initial petition for child custody must determine what is in the child's best interests" (Matter of Jarvis v Lashley, 169 AD3d 1043, 1043 [internal quotation marks omitted]). "The determination of the child's best interests is to be made based on all the relevant circumstances" (id. [internal quotation marks omitted]).
In this case, the mother alleged that several incidents of domestic violence occurred while the parties were still living together. "Where allegations of domestic violence are proven by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child" (Matter of Khaykin v Kanayeva, 47 AD3d 817, 817-818 [internal [*2]quotation marks omitted]; see Samala v Samala, 309 AD2d 798, 799). Here, the Family Court should have determined whether the mother had established by a preponderance of the evidence that the father had committed acts of domestic violence against her and, if she met this burden, "the effect of such domestic violence upon the best interests of the child" (Matter of Khaykin v Kanayeva, 47 AD3d at 818 [internal quotation marks omitted]). However, this Court may make its own credibility assessment of those allegations (see Matter of Jubilee S. [James S.], 149 AD3d 965, 967).
The mother did not seek medical or police intervention for the domestic violence. Further, she acknowledged that once the parties ceased living together in December 2016, there were no further incidents, and she consented to the lifting of an order of protection against the father.
Under the circumstances, the Family Court's determination awarding the father sole custody has a sound an substantial basis in the record, based upon the court's finding that he is more likely than the mother to foster the child's relationship with the noncustodial parent (see Matter of Boyko v Boyko, 170 AD3d 828; Matter of Scott v Thompson, 166 AD3d 627, 628).
The mother's remaining contentions are without merit.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court