Matter of Ednie v Haniquet (2020 NY Slip Op 04305)





Matter of Ednie v Haniquet


2020 NY Slip Op 04305


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-01905
 (Docket Nos. V-19354-14, V-12524-14)

[*1]In the Matter of Erin Ednie, petitioner-respondent,
v
Amos Haniquet, respondent-respondent; James L. H. (Anonymous), nonparty-appellant.


Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child, the nonparty-appellant.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for petitioner-respondent.
Amos Haniquet, Smithtown, NY, respondent-respondent pro se.



DECISION & ORDER
In a proceeding to Family Court Act article 6, the child appeals from an order of the Family Court, Kings County (Maria Arias, J.), dated January 29, 2019. The order, insofar as appealed from, after a hearing, awarded the mother medical decision-making authority and changed the parental access schedule as to weekend visitation, by directing that the father shall have parental access to the child on alternating weekends rather than three weekends per month.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the mother medical decision-making authority, and substituting therefor a provision granting the father medical decision-making authority, and providing that if a medical emergency arises when the child is in the mother's care, she shall immediately arrange for his medical care and inform the father of that emergency; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Nunez v Lasso, 144 AD3d 689, 689). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Elliott v Felder, 69 AD3d 623, 623; see Matter of Nunez v Lasso, 144 AD3d at 689). In reviewing custody and parental access determinations, this Court's authority is as broad as that of the hearing court (see Weisberger v Weisberger, 154 AD3d 41, 51). However, "[s]ince custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gooler v Gooler, 107 AD3d 712, 712; see Matter of Goodman v Jones, 146 AD3d 884, 886).
Here, the child, by his attorney (see Matter of Newton v McFarlane, 174 AD3d 67), asserts that the mother should not have medical decision-making authority over him. The mother opposes vaccinating the child. However, at the hearing, the father testified that he would innoculate the child for diphtheria, tetanus, and pertussis, and measles, mumps, and rubella, expressed concern that the child could become infected and young and elderly members of his family were at risk due to the child's lack of immunization against "highly contagious preventable diseases," and further noted that his younger child had received a "full set" of vaccinations. The forensic evaluator recommended that the father should be awarded medical decision-making authority due to his position on vaccinations which was safer for the child, a position which was entitled to some weight (see Matter of Van Dunk v Bonilla, 100 AD3d 1008, 1008). Under the circumstances, the determination of the Family Court to award the mother medical decision-making authority did not have a sound an substantial basis in the record, and the father should have been awarded medical decision-making authority (see Matter of Binns v Boyd, 63 AD3d 1058, 1059; see also Matter of Seacord v Seacord, 81 AD3d 1101).
The record demonstrates that awarding the father parental access on alternate weekends is a more suitable schedule for the school-age child, and would give the mother greater opportunity to enroll the child in extracurricular activities in which the child expressed an interest (see R.K. v R.G., 169 AD3d 892, 895; Matter of Sarfati v DeJesus, 158 AD3d 807, 808-809).
The parties' remaining contentions are without merit.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court