Matter of Hreat v Hreat (2020 NY Slip Op 07572)





Matter of Hreat v Hreat


2020 NY Slip Op 07572


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-01213
 (Index No. 50/17)

[*1]In the Matter of Bouchra Hreat, respondent,
v
Yaser Hreat, appellant.


Warren S. Hecht, Forest Hills, NY, for appellant.
Shepard Kays, Nanuet, NY, for respondent.
William E. Horwitz, Briarcliff Manor, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Rockland County (IDV Part) (Sherri L. Eisenpress, J.), dated January 10, 2019. The order, after a hearing, granted the mother's petition to modify a prior order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated April 26, 2017, entered upon the consent of the parties, so as to award the mother sole legal and physical custody of the subject children.
ORDERED that the order dated January 10, 2019, is affirmed, without costs or disbursements.
The parties have two children together, born in 2010 and 2012. In November 2016, the parents separated and the mother obtained an order of protection against the father, which permitted communications regarding the children. In an order dated April 26, 2017, upon the consent of the parties, the Family Court awarded the parties joint legal custody of the children, with physical custody and final decision-making authority to the mother. In May 2017, the mother obtained a further order of protection, this one prohibiting all communication by the father with the mother and the children, including communication concerning the children. Thereafter, the mother petitioned to modify the prior custody order, seeking sole legal and physical custody of the children. After a hearing, the Supreme Court granted the mother's petition. The father appeals.
"Findings of the [hearing court] which have a sound and substantial basis in the record are generally entitled to great deference on appeal" (Matter of Agyapon v Zungia, 150 AD3d 1226, 1227; see Matter of Guerra v Oakes, 160 AD3d 855, 856). However, "[i]nherent in the proposition that a reviewing court will give deference to the findings made by the hearing court is that the hearing court issued either a written or oral decision setting forth its findings of fact and conclusions of law" (Matter of Newton v McFarlane, 174 AD3d 67, 79, citing CPLR 4213[b]). Here, in the absence of a decision, orally or in writing, setting forth the findings of fact and reasoning for the Supreme Court's determination, the appropriate scope of appellate review is de novo, and the record is sufficiently complete to permit such review (see Matter of Newton v McFarlane, 174 AD3d at 79; Matter of Larkin v White, 64 AD3d 707, 708-709).
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Nunez v Lasso, 144 AD3d 689, 689; see Eschbach v Eschbach, 56 NY2d 167, 171). "In order to modify an existing court-sanctioned custody [arrangement], there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Matter of Newton v McFarlane, 174 AD3d at 76 [internal quotation marks omitted]).
Furthermore, "joint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Braiman v Braiman, 44 NY2d 584, 589-590). "However, joint custody is inappropriate where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (Matter of Gorniok v Zeledon-Mussio, 82 AD3d 767, 768 [internal quotation marks omitted]).
Here, contrary to the father's contention, the record soundly and substantially supports both the existence of changed circumstances, as well as the Supreme Court's determination that a modification of custody was in the best interests of the children (see Matter of Ascolillo v Ascolillo, 43 AD3d 1160, 1160). Accordingly, the order appealed from should be affirmed.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court