Matter of Navarro v Clarke (2024 NY Slip Op 05802)

Matter of Navarro v Clarke

2024 NY Slip Op 05802

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-12234
 (Docket Nos. V-21841-18, V-11808-22)

[*1]In the Matter of Joshua Navarro, respondent,
v
Dionne Marie Clarke, appellant. (Proceeding No. 1)
In the Matter of Dionne Marie Clarke, appellant,Joshua Navarro, respondent. (Proceeding No. 2) 

Larry S. Bachner, New York, NY, for appellant.
Lewis S. Calderon, Jamaica, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Jamila Cha-Jua-Lee, Ct. Atty. Ref.), dated November 28, 2023. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for sole physical custody of the parties' child, denied that branch of the mother's petition which was for sole physical custody of the child, and set forth a parental access schedule for the mother.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of a child, born in 2012. In or around 2015, the child began living with the father pursuant to a verbal agreement between the parties. In 2018, the father filed a petition seeking sole legal and physical custody of the child. In 2022, the mother filed a petition seeking sole legal and physical custody of the child. After a hearing, in an order dated November 28, 2023, the Family Court, inter alia, granted that branch of the father's petition which was for sole physical custody of the child, denied that branch of the mother's petition which was for sole physical custody of the child, and set forth a parental access schedule for the mother. The mother appeals.
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Romero-Flores v Hernandez, 214 AD3d 882, 882; see Eschbach v Eschbach, 56 NY2d 167, 171). "In determining an initial petition for child custody, the totality of the circumstances, includes, but is not limited to, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance [*2]of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of McPherson v McPherson, 139 AD3d 953, 954 [internal quotation marks omitted]). "[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (Matter of Vasquez v Ortiz, 77 AD3d 962, 962).
Here, contrary to the mother's contention, the Family Court properly applied the analysis applicable to an initial custody determination, rather than a change-in-circumstances analysis applicable to modification of a prior custody order (see Matter of Hannam v Holmes, 156 AD3d 883, 884; Matter of Thomas v Trice, 83 AD3d 722, 723). Further, the court's determination that it was in the best interests of the child for the father to be awarded sole physical custody is supported by a sound and substantial basis in the record. Accepting the court's credibility determinations, the evidence at the hearing established that the father, who had been the primary caregiver for most of the child's life, was better suited to promote stability in the child's life and was the parent most likely to foster a relationship between the child and the noncustodial parent (see Matter of Pacheco v Maldonado, 221 AD3d 822, 823; Matter of Copeland v Brown, 189 AD3d 1396, 1397).
"'The extent to which the noncustodial parent may exercise [parental access] is a matter committed to the sound discretion of the hearing court, to be determined on the basis of the best interests of the child, consistent with the concurrent right of the child and the noncustodial parent to meaningful time together'" (Matter of Kerry D. v Deena D., 230 AD3d 492, 494, quoting Chamberlain v Chamberlain, 24 AD3d 589, 592; see Matter of Kim v Becker, 223 AD3d 813, 815). "In reviewing . . . parental access determinations, this Court's authority is as broad as that of the hearing court. However, since the Family Court's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Kim v Becker, 223 AD3d at 815 [citation and internal quotation marks omitted]).
Here, the Family Court's determination to provide the mother with parental access every Saturday from 10:00 a.m. to 7:00 p.m. and telephone or video calls every Monday, Thursday, and Friday from 4:30 p.m. to 5:30 p.m. has a sound and substantial basis in the record. The evidence demonstrated, among other things, that the mother sporadically exercised her parental access rights (see Granata v Granata, 289 AD2d 527). Moreover, in reaching its determination, the court accorded proper weight to the child's wishes (see Matter of Munoz v Almodovar, 173 AD3d 871; Matter of Myers v Anderson, 100 AD3d 906, 907).
The mother's remaining contentions are unpreserved for appellate review and, in any event, without merit.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court