■ In the Matter of JOHN PAUL, Respondent, v THALIA SAWYER, Appellant. [911 NYS2d 383]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ebrahimoff, Ct. Atty. Ref.), dated August 25, 2009, which, after a hearing, granted the father's petition for sole custody of the child and only awarded her visitation.

Ordered that the order is affirmed, without costs or disbursements.

"Any court in considering questions of child custody must make every effort to determine 'what is for the best interest of the child, and what will best promote its welfare and happiness' " (Eschbach v Eschbach, 56 NY2d 167, 171 [1982], quoting Domestic Relations Law § 70; see Matter of Carrasquillo v Cora, 60 AD3d 852, 853 [2009]). The court must make that determination based on the totality of the circumstances (see Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96 [1982]; Matter of McDonough v McDonough, 73 AD3d 1067, 1068 [2010], lv denied 15 NY3d 705 [2010]). Among the factors to be considered are "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each par-

ent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Elliott v Felder*, 69 AD3d 623 [2010]; *see Eschbach v Eschbach*, 56 NY2d at 171-172). Moreover, inasmuch as custody determinations depend in large part "upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Nicholas T. v Christine T.*, 42 AD3d 526, 527 [2007]), the hearing court's finding must be accorded great weight where it has conducted a complete evidentiary hearing (*see Matter of Dwyer-Hayde v Forcier*, 67 AD3d 1011 [2009]). In such circumstances, the hearing court's determination as to custody should not be disturbed unless it lacks a sound and substantial basis in the record (*see Nicholas T. v Christine T.*, 42 AD3d at 527). Here, contrary to the contentions of the mother and the attorney for the child, there is a sound and substantial basis in the record for the hearing court's determination that an award of custody to the father was in the child's best interests (*id.*). Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.