In the Matter of MELSONE R. GASBY, Respondent, v JENNINE W. CHUNG, Appellant. [930 NYS2d 471]—

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Quinones v Gonzalez*, 79 AD3d 893, 894 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). As custody determinations depend in large part on an assessment of the character and credibility of the parties and witnesses, the Family Court's findings should not be disturbed unless they lack a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Kreischer v Perry*, 83 AD3d 841 [2011]; *Matter of Quinones v Gonzalez*, 79 AD3d at 894).

Here, the Family Court's determination that the child's best

interests would be served by awarding sole custody to the father has a sound and substantial basis in the record (*see Matter of Peoples v Bideau*, 85 AD3d 798 [2011]; *Pierre-Paul v Boursiquot*, 74 AD3d 935, 936 [2010]; *Matter of Ramirez v Velez*, 78 AD3d 1062 [2010]; *Matter of Paul v Sawyer*, 78 AD3d 710, 711 [2010]). Based on the parents' testimony and credibility, the Family Court found, inter alia, that the father was more willing than the mother to assure meaningful contact between the child and the other parent (*see Matter of Kreischer v Perry*, 83 AD3d at 842; *Matter of Pappas v Kells*, 77 AD3d 952, 953-954 [2010]). Contrary to the mother's contention, the Family Court did not improperly fail to consider her allegations of domestic violence, as the Family Court, in effect, resolved the parents' conflicting testimony in favor of the father and, accordingly, the mother's allegations were not supported by a preponderance of the credible evidence (*see* Domestic Relations Law § 240 [1]; *Pierre-Paul v Boursiquot*, 74 AD3d at 936; *Matter of Khaykin v Kanayeva*, 47 AD3d 817, 817-818 [2008]). Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.