In the Matter of Francis I. Gooler, Respondent, v Kristina L. Gooler, Appellant. (Proceeding No. 1.) In the Matter of Kristina L. Gooler, Appellant, v Francis I. Gooler, Respondent. (Proceedings No. 2 and 3.) [966 NYS2d 208]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Kiedaisch, J.), dated July 5, 2011, as, after a hearing, awarded the father sole custody of the subject children, and limited her contact with the children to supervised visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Maraj v Gordon*, 102 AD3d 698 [2013]; *Matter of Julian B. v Williams*, 97 AD3d 670 [2012]; *Matter of Purse v Crocker*, 95 AD3d 1216 [2012]; *Matter of Awan v Awan*, 63 AD3d 733, 734 [2009]). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Harry v Harry*, 92 AD3d 883, 884 [2012]; *Haggerty v Haggerty*, 78 AD3d 998, 999 [2010]; *Matter of Otero v Nieves*, 77

AD3d 756, 756-757 [2010]; *Matter of Conforti v Conforti*, 46 AD3d 877, 877-878 [2007]). Here, the Supreme Court's determination that the children's best interests would be served by awarding sole custody to the father has a sound and substantial basis in the record and will not be disturbed (*see Matter of Gasby v Chung*, 88 AD3d 709, 709-710 [2011]; *Matter of Quinones v Gonzalez*, 79 AD3d 893 [2010]).

Additionally, the Supreme Court providently exercised its discretion in ordering the mother's visitation to be supervised (*see Matter of Colter v Baker*, 104 AD3d 850 [2013]; *Matter of Anaya v Hundley*, 12 AD3d 594 [2004]). The determination of whether visitation should be supervised is a matter left to the court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (*see Matter of Binong Xu v Sullivan*, 91 AD3d 771, 771-772 [2012]; *Cervera v Bressler*, 50 AD3d 837, 839 [2008]). Here, given the totality of the circumstances, unsupervised visitation with the mother is not in the children's best interests (*see Matter of Grant v Terry*, 104 AD3d 854 [2013]; *Matter of Bullinger v Costa*, 63 AD3d 735 [2009]; *Matter of Powell v Blumenthal*, 35 AD3d 615 [2006]; *Matter of Abranko v Vargas*, 26 AD3d 490, 491 [2006]). Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.