■ In the Matter of Michael Recher, Respondent, v Angie Velez, Appellant. [38 NYS3d 811]—

Appeal by the mother from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated October 8, 2014. The order, after a hearing, inter alia, granted the father's petition for sole custody of the parties' children.

Ordered that the order is affirmed, without costs or disbursements.

The mother and the father, who were never married, have two sons and a daughter. In October 2013, the mother moved out of the family home in Northport. After the mother moved out, the parties' three children remained in the care of the father, living with him in the Northport home. The father subsequently petitioned for sole custody of the children. The children continued to live with the father and remained in his custody throughout the pendency of the proceeding. After a hearing, the Family Court awarded sole custody of the children to the father. The mother appeals.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Rosado v Rosado*, 136 AD3d 927, 928 [2016] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The totality of the circumstances includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]; *see Matter of Tinger v Tinger*, 108 AD3d 569, 569-570 [2013]; *Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011]).

Custody determinations depend to a great extent upon a hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (*see Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]; *Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013]). Accordingly, where a court has conducted a complete evidentiary hearing, its custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Bowe v Bowe*, 124 AD3d at 647; *Matter of Gooler v Gooler*, 107 AD3d at 712).

Here, the Family Court's determination that the children's best interests would be served by awarding sole custody to the father has a sound and substantial basis in the record and will not be disturbed. The record shows that both parents love the subject children, but that the father is better situated to provide for the children's overall well being. The father has been the primary caregiver for all of the children since the mother moved out of the family home. He has provided a stable home for the children and has been more effective than the mother in taking care of their educational, emotional, and behavioral needs.

Accordingly, the Family Court properly granted the father's petition for sole custody of the subject children.

The mother's remaining contention is without merit. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.