■ In the Matter of DEREK CLARKE, Respondent, v CHARENE WILTSHIRE, Appellant. [43 NYS3d 445]—

Appeal by the mother from an order of the Family Court, Queens County (Carol Ann Stokinger, J.), dated August 7, 2015. The order, after a hearing, inter alia, upon the father's petition, awarded him sole physical and legal custody of the subject children and denied the mother's petition for custody.

Ordered that the order is affirmed, without costs or disbursements.

The parties have three children in common. In March 2012, the father filed a petition seeking custody of the subject children. Thereafter, the mother petitioned for custody. At the conclusion of the custody trial on both petitions, the Family Court awarded sole legal and physical custody to the father, with visitation to the mother, and denied the mother's petition. The mother appeals.

In making an initial custody or visitation determination, the court must consider what arrangement is in the best interests of the child under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Saravia v Godzieba*, 120 AD3d 821, 821 [2014]; *Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]). "The totality of the circumstances includes, but is not limited to, '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (*Matter of Recher v Velez*, 143 AD3d 828, 829 [2016], quoting *Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]).

Further, since custody and visitation determinations necessarily depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the Family Court's findings, which should not be set aside unless they lack a sound and substantial basis in the record (*see Matter of Diaz v Garcia*, 119 AD3d 682, 683 [2014]; *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]).

Here, the Family Court's determination that the subject children's best interests would be served by awarding sole physical and legal custody to the father has a sound and substantial basis in the record and will not be disturbed. Contrary to the contentions of the mother and the attorney for the children, the court did not place undue emphasis on the mother's decision to homeschool the children. Rather, the court properly considered all of the relevant factors and concluded that the father was better suited to promoting the children's intellectual development. This conclusion was supported by the record. While the evidence showed that both parents love the children, the father was better suited to provide for their overall well-being, providing the children with structure and a generally stable home environment. In contrast, there was significant evidence that the mother's home lacked stability, structure, and supervision.

The mother's remaining contentions are without merit.

Accordingly, the Family Court properly awarded the father sole and physical and legal custody of the subject children and denied the mother's petition for custody. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.