Matter of Wittingham v Payne (2018 NY Slip Op 02637)





Matter of Wittingham v Payne


2018 NY Slip Op 02637


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-07892
 (Docket Nos. V-16364/15/16A/17B)

[*1]In the Matter of Keia Wittingham, respondent,
v
William H. Payne III, appellant. (Proceeding No. 1)
In the Matter of William H. Payne III, appellant,
v
Keia Wittingham, respondent. (Proceeding No. 2)


Lisa Beth Older, New York, NY, for appellant.
Del Atwell, East Hampton, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In related custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated July 17, 2017. The order, insofar as appealed from, after a hearing, awarded sole legal and residential custody of the parties' child to the mother.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of one daughter, born in Kentucky in October 2010. At the time, the father was a college student in Kentucky and the mother lived there. In 2013, when the father graduated, he returned to New York, and the child remained with the mother. Thereafter, the child visited the father in New York during the summers and holidays. After a summer visit in 2015, however, the father enrolled the child in school in New York and did not return her to the mother. The child stayed in the paternal grandparents' home, and the parties entered into a stipulation by which the child would remain there to finish the school year. [*2]The father did not return the child to the mother at the end of the school year. The father and mother each separately petitioned for custody of the child. The Family Court awarded sole legal and residential custody to the mother. The father appeals.
The paramount concern in custody disputes is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Brooks v Hall, 158 AD3d 680). "Custody determinations depend to a great extent upon a hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (Matter of Recher v Velez, 143 AD3d 828, 829). A hearing court's custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Gooler v Gooler, 107 AD3d 712). Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and residential custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Matter of Recher v Velez, 143 AD3d 828; Matter of Gasby v Chung, 88 AD3d 709).
The father's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court