Matter of Leon v Quinones (2018 NY Slip Op 06742)





Matter of Leon v Quinones


2018 NY Slip Op 06742


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-10709
 (Docket Nos. V-12721-13, V-12722-13, V-28525-12, V-28526-12)

[*1]In the Matter of George Leon, respondent, 
v
Melissa Quinones, appellant. (Proceeding No. 1)
In the Matter of Melissa Quinones, appellant, vGeorge Leon, respondent. (Proceeding No. 2)


 Richard L. Herzfeld, New York, NY, for appellant.
 Yasmin Daley Duncan, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Lee D. Tarr and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated September 29, 2016. The order, insofar as appealed from, after a fact-finding hearing, granted the father's petition for sole legal and residential custody of the parties' children and, in effect, denied the mother's amended petition for sole legal and residential custody of the children and permission to relocate.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother are the parents of two children, and each separately petitioned for custody of the children. In addition, the mother sought permission to relocate with the children to Massachusetts. After an extensive fact-finding hearing that included the testimony of both parents and the father's long-term partner, the Family Court, inter alia, awarded sole legal and residential custody to the father, and, in effect, denied the mother's amended petition. The mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Gooler v Gooler, 107 AD3d 712; Matter of Julie v Wills, 73 AD3d 777). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide [*2]the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890; see Matter of Davis v Delena, 159 AD3d 900, 901; Matter of Swinson v Brewington, 84 AD3d 1251, 1253). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (see Matter of Cretella v Stephens, 160 AD3d 846, 847; Matter of Gooler v Gooler, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Gooler v Gooler, 107 AD3d at 712; see also Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046).
The Family Court's determination that the children's best interests would be served by awarding sole legal and residential custody to the father has a sound and substantial basis in the record, and therefore, will not be disturbed (see Matter of Gooler v Gooler, 107 AD3d at 712; Matter of Gasby v Chung, 88 AD3d 709, 709-710; Matter of Quinones v Gonzalez, 79 AD3d 893, 894). Accordingly, we affirm the order insofar as appealed from.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court