Matter of Dimas v Fanfan (2018 NY Slip Op 08127)





Matter of Dimas v Fanfan


2018 NY Slip Op 08127


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02073
2018-02074
2018-02075
 (Docket Nos. V-20044-16, V-1779-17)

[*1]In the Matter of Stephanie Dimas, respondent, 
v
Philippe C. Fanfan, appellant. (Proceeding No. 1) In the Matter of Philipe C. Fanfan, appellant, Stephanie Dimas, respondent. (Proceeding No. 2)


Tennille M. Tatum-Evans, New York, NY, for appellant.
Carol Kahn, New York, NY, for respondent.



DECISION & ORDER
In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from a decision and two orders of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), all dated January 17, 2018. The first order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was for sole legal custody of the parties' child. The second order, insofar as appealed from, after a hearing, in effect, denied that branch of the father's petition which was for joint legal custody of the parties' child.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, born in August 2016. The mother and the father each filed petitions for custody of the child. The parties thereafter agreed that the mother would retain physical custody of the child, with parental access for the father, and a hearing was held on that branch of the mother's petition which was for sole legal custody and that branch of the father's petition which was for joint legal custody. Following the hearing, the Family Court granted that branch of the mother's petition, and, in effect, denied that branch of the father's petition. The father appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Leon v Quinones, _____ AD3d _____, 2018 NY Slip Op 06742 [2d Dept [*2]2018]). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Leon v Quinones, _____ AD3d _____, 2018 NY Slip Op 06742).
Here, the Family Court's determination that an award of sole legal custody to the mother would be in the child's best interests was supported by a sound and substantial basis in the record. Where, as in the present case, the parties are antagonistic toward each other and have demonstrated an inability to cooperate on matters concerning the child, joint custody, as was requested by the father, is inappropriate (see Bliss v Ach, 56 NY2d 995, 998; Paruchuri v Akil, 156 AD3d 712, 713; Matter of Moore v Gonzalez, 134 AD3d 718, 720). Moreover, we agree with the court's determination awarding sole legal custody to the mother, who had physical custody and thus more involvement with the child's needs on a day to day basis (see Matter of Moore v Gonzalez, 134 AD3d at 720). Further, the father perpetrated domestic violence against the mother in the presence of the child (see Domestic Relations Law § 240[1][a]; Matter of Felty v Felty, 108 AD3d 705, 707-708).
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court