Matter of Feery v Feury (2019 NY Slip Op 00120)





Matter of Feery v Feury


2019 NY Slip Op 00120


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-00590
 (Docket No. V-03515-15/17C)

[*1]In the Matter of Adrianna Feery, appellant, 
v
Kevin J. Feury, respondent.


Carol Kahn, New York, NY, for appellant.
Kelley M. Enderley, Poughkeepsie, NY, for respondent.
Karen C. Palumbo, Beacon, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated November 24, 2017. The order, insofar as appealed from, denied the mother's petition to modify a prior order of the same court dated October 5, 2016, so as to permit her to relocate with the subject child to Arizona.
ORDERED that the order dated November 24, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the divorced parents of one child born in 2012. Pursuant to an existing custody order, they share joint legal custody of the child, whose primary residence is with the mother. The custody order was modified on October 5, 2016, to prohibit the mother from relocating outside of New York State without the consent of the father or a court order. In January 2017, the mother petitioned to modify the order dated October 5, 2016, so as to permit her to relocate with the child to Arizona. Thereafter, the father petitioned for an award of sole custody of the child based upon the mother's proposed relocation. In an order dated November 24, 2017, made after a hearing on both petitions, the Family Court denied the mother's relocation petition and conditionally granted the father's petition should the mother relocate to Arizona or another location that would make joint custody impracticable. The mother appeals from so much of the order as denied her relocation petition.
In deciding a custodial parent's petition for permission to relocate, the court's primary focus is the best interests of the child (see Matter of Tropea v Tropea, 87 NY2d 727, 739; Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Monroe v Monroe, 164 AD3d 675). In determining whether relocation is appropriate, the court must consider a number of factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential economic, emotional, and educational enhancement to the lives of the custodial parent and the child due to the move, and each parent's motives for seeking or opposing the move (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Tayson v Degraft-Johnson, 157 AD3d 703, 704). The weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved. Generally, such an evaluation can best be made by the Family [*2]Court, which had direct access to the parties and witnesses, and, therefore, deference is accorded to the Family Court's findings in this regard (see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Leon v Quinones, _____ AD3d _____, 2018 NY Slip Op 06742 [2d Dept 2018]; Matter of Tayson v Degraft-Johnson, 157 AD3d at 704).
Here, the Family Court's determination that the child's best interests would not be served by the relocation to Arizona is supported by a sound and substantial basis in the record. The court gave appropriate weight to all of the relevant factors, and was properly concerned about the impact that the move would have on the father's relationship with the child (see Matter of Tayson v Degraft-Johnson, 157 AD3d at 704; Matter of Detwiler v Detwiler, 145 AD3d 778, 780). Because the record before us contains ample evidence with respect to the relevant issues and concerns affecting the child's best interests, and both parties were afforded a fair opportunity to present evidence in support of their respective positions, there is no merit to the mother's contention that a further hearing should be conducted.
The mother's remaining contention is without merit.
Accordingly, we agree with the Family Court's denial of the mother's petition to modify the order dated October 5, 2016, so as to permit her to relocate with the child to Arizona.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court