Matter of Herranz v Longa (2019 NY Slip Op 02095)





Matter of Herranz v Longa


2019 NY Slip Op 02095


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-01879
2018-01880
 (Docket Nos. V-22302-11/15D/16E)

[*1]In the Matter of Luis Herranz, appellant,
v
Sandra Longa, respondent. (Proceeding No. 1)
In the Matter of Sandra Longa, respondent,
v
Luis Herranz, appellant. (Proceeding No. 2)


Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for appellant.
Richard L. Herzfeld, New York, NY, attorney for respondent.
Toba Beth Stutz, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), both dated January 3, 2018. The first order dated January 3, 2018, insofar as appealed from, after a hearing, granted, in part, the mother's petition to modify a prior order of custody of the same court (Mildred T. Negron, Ct. Atty. Ref.), dated March 20, 2015. The second order dated January 3, 2018, set forth the terms of the new custody arrangement.
ORDERED that the first order dated January 3, 2018, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order dated January 3, 2018, is affirmed, without costs or disbursements.
"A court may modify an order awarding custody and visitation upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child" (Matterof Sinnott-Turner v Kolba, 60 AD3d 774, 775; see Matter of Stones v VanDenberge, 167 AD3d 909; Matter of McKenzie v Williams, 165 AD3d 673, 674). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of McKenzie v Williams, 165 AD3d at 674; see Matter of Mack v Kass, 115 AD3d 748, 749). "Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard" (Matter of McKenzie v Williams , 165 AD3d at 674; see Matter of Gooler v Gooler, 107 AD3d 712, 712). Accordingly, custody determinations "will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of McKenzie v Williams, 165 AD3d at 674; see Matter of [*2]Gooler v Gooler, 107 AD3d at 712). Here, the Family Court's determination that the child's best interests would be served by modifying the prior custody order has a sound and substantial basis in the record and will not be disturbed.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court