Matter of Mahoney v Ramos-Ortiz (2020 NY Slip Op 03108)





Matter of Mahoney v Ramos-Ortiz


2020 NY Slip Op 03108


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2018-12933
 (Docket No. V-5367-17)

[*1]In the Matter of Stephen C. Mahoney, respondent,
v
Sibia B. Ramos-Ortiz, appellant.


Salihah R. Denman, Harrison, NY, for appellant.
Christopher E. Gurda, Middletown, NY, for respondent.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated October 18, 2018. The order, insofar as appealed from, after a hearing, awarded the father physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, who was born in 2011. In 2017, the father commenced this proceeding seeking custody of the child. After a hearing that included the testimony of both parents and an in camera interview with the child, the Family Court awarded the mother and the father joint legal custody of the child, with physical custody to the father. The mother appeals from so much of the order as awarded the father physical custody of the child.
" The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Gooler v Gooler, 107 AD3d 712, 712, quoting Matter of Julie v Will, 73 AD3d 777, 777; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890).
Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (see Matter of Gooler v Gooler, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see id.; see also Matter of Frankiv v Kalitka, 105 AD3d 1045).
Here, the Family Court's determination that the child's best interest would be served by awarding physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Gooler v Gooler, 107 AD3d 712; Matter of Gasby v Chung, 88 AD3d 709; Matter of Quinones v Gonzalez, 79 AD3d 893).
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court