Matter of Brown v Cruz (2020 NY Slip Op 06774)





Matter of Brown v Cruz


2020 NY Slip Op 06774


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-12376
 (Docket Nos. V-10951-17, V-13146-17)

[*1]In the Matter of Joe B. Brown, respondent,
v
Vanessa Cruz, appellant. (Proceeding No. 1.)
In the Matter of Vanessa Cruz, appellant,
v
Joe B. Brown, respondent. (Proceeding No. 2.)


Irene J. Goldsmith, White Plains, NY, for appellant.
The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for respondent.
Dawn M. Shammas, Harrison, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Arlene A. Gordon-Oliver, J.), dated October 4, 2019. The order, insofar as appealed from, after a hearing, awarded the father physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother have one child together, who was born in 2013. In 2017, the father and the mother each filed a petition seeking custody of the child. After conducting a hearing at which both parents testified, in an order dated October 4, 2019, the Family Court awarded the parties joint legal custody of the child and awarded the father physical custody of the child. The mother appeals from so much of the order as awarded the father physical custody of the child.
In any custody dispute, the court's paramount concern "is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Mahoney v Ramos-Ortiz, 184 AD3d 564, 564 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). A court determining an initial petition for child custody "must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Mahoney v Ramos-Ortiz, 184 AD3d at 564 [internal quotation marks omitted]).
Insofar as custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and any witnesses, deference is accorded to the hearing court's findings in this regard (see id. at 564-565; Matter of Gooler v Gooler, 107 AD3d 712, 712). Accordingly, such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Mahoney v Ramos-Ortiz, 184 AD3d at 565; Matter of Gooler v Gooler, 107 AD3d at 712-713).
Here, the Family Court's determination that the child's best interests would be served by awarding physical custody to the father has a sound and substantial basis in the record and should not be disturbed (see Matter of Mahoney v Ramos-Ortiz, 184 AD3d at 565; Matter of Gooler v Gooler, 107 AD3d at 713). Contrary to the mother's contention, in reaching its determination, the court properly considered the court-appointed forensic examiner's custody recommendation (cf. Young v Young, 212 AD2d 114, 118-120), and under the circumstances, the court did not err in not ascertaining the child's custody preference (see Smith v Finger, 187 AD2d 711, 713-714; cf. Matter of Newton v McFarlane, 174 AD3d 67, 83).
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court