Lavery v O'Sullivan (2022 NY Slip Op 03378)





Lavery v O'Sullivan


2022 NY Slip Op 03378


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2021-02248
 (Index No. 30436/21)

[*1]Kristin Ann Lavery, respondent,
v
Patrick O'Sullivan, appellant.


Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for appellant.
Farrauto Berman Slater & Michaeli, Yonkers, NY (Lauren E. Michaeli of counsel), for respondent.
Christopher Widhold, New City, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an interlocutory judgment of the Supreme Court, Rockland County (IDV Part) (Sherri I. Eisenpress, J.), dated March 25, 2021. The interlocutory judgment, insofar as appealed from, upon a decision of the same court dated December 9, 2020, made after a nonjury trial, awarded the plaintiff sole legal and physical custody of the parties' child and permitted her to relocate with the parties' child to Ireland. By decision and order on motion dated May 12, 2021, this Court granted that branch of the defendant's motion which was to stay enforcement of so much of the interlocutory judgment as permitted the plaintiff to relocate with the parties' child to Ireland pending the hearing and determination of the appeal.
ORDERED that the interlocutory judgment is affirmed insofar as appealed from, with costs.
The plaintiff, who is a dual citizen of the United States and Ireland, and the defendant, who is a citizen of Ireland, married in 2015, and lived and worked in New York. They have one child, who was born in 2016. Both parties have traveled frequently to Ireland to visit extended family. In October 2019, the plaintiff commenced this action seeking, inter alia, a judgment of divorce, sole legal and physical custody of the child, and permission to relocate with the child to Ireland. After a nonjury trial, the Supreme Court, inter alia, awarded the plaintiff sole legal and physical custody of the child and permitted her to relocate with the child to Ireland. The defendant appeals.
"'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Gooler v Gooler, 107 AD3d 712, 712, quoting Matter of Julie v Wills 73 AD3d 777, 777; see Eschbach v Eschbach, 56 NY2d 167, 171). In determining a child's best interests, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to [*2]guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (see Matter of Gooler v Gooler, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see id.; see also Matter of Frankiv v Kalitka, 105 AD3d 1045). Here, the Supreme Court's determination that the child's best interests would be served by awarding sole legal and physical custody to the plaintiff has a sound and substantial basis in the record and will not be disturbed (see Matter of Mahoney v Ramos-Ortiz, 184 AD3d 564; Matter of Gooler v Gooler, 107 AD3d 712; Matter of Gasby v Chung, 88 AD3d 709).
Additionally, the Supreme Court's determination permitting the plaintiff to relocate with the child to Ireland is supported by a sound and substantial basis in the record. "'A parent seeking . . . to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Matter of Hall v Clas, 144 AD3d 801, 802, quoting Matter of Ventura v Huggins, 141 AD3d 600, 600 [internal quotation marks omitted]). "In determining whether relocation is appropriate, each 'request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child'" (Matter of Estevez v Perez, 123 AD3d 707, 708, quoting Matter of Tropea v Tropea, 87 NY2d 727, 739; see Matter of Rizvi v Shah, 126 AD3d 984, 984). "[T]he court must consider a number of factors, including the child's relationship with each parent, the effect of the move on contact with the noncustodial parent, the potential economic, emotional, and educational enhancement to the lives of the custodial parent and the child due to the move, and each parent's motives for seeking or opposing the move" (Matter of Barker v Rohack, 173 AD3d 1173, 1174 [internal quotation marks omitted]; see Matter of Tropea v Tropea, 87 NY2d at 740-741). "The weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved," and "deference is accorded to the Family Court's findings in this regard" (Matter of Feery v Feury, 168 AD3d 729, 730; see Eschbach v Eschbach, 56 NY2d 167, 173-174).
Here, the Supreme Court found credible the plaintiff's testimony that she was the child's primary caregiver, that the defendant had engaged in alcohol abuse and subjected the plaintiff to instances of domestic violence and verbal abuse, and that if she were permitted to relocate with the child to Ireland, the child's quality of life would be improved. In Ireland, the plaintiff and the child could live cost free in a guest house on the maternal grandparents' property, the cost of living in the town was less than it is in New York, where the parties were struggling financially, and in Ireland the plaintiff had been offered a job as a clerical administrator in a nursing home. In addition, the plaintiff would have her parents, siblings, and cousins in the vicinity to offer her support, as well as the defendant's extended family. The court properly concluded that, while relocation would disrupt the defendant's regular contact with the child, meaningful extended vacations could compensate for the loss of regular visitation (see Matter of Yu Chao Tan v Hong Shan Kuang, 136 AD3d 933, 935; Matter of Ceballos v Leon, 134 AD3d 931; Matter of Tracy A.G. v Undine J., 105 AD3d 1046; Tsui v Tsui, 99 AD3d 793; Matter of Harrsch v Jesser 74 AD3d 811).
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court